# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **CROSSLINK ORTHOPAEDICS, LLC** | : | |
| **and CHRIS NORMAN,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 7:07-cv-59 (HL) |
| | : | |
| **SYNTHES SPINE COMPANY, Ltd. and** | : | |
| **SYNTHES NORTH AMERICA, Inc.,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

This Court conducts an initial review of each case.  The initial review ensures that

each case has a proper jurisdictional basis.  Proper jurisdiction is important because

federal courts only have limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am.,

511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102

(5th Cir. 1981).[1]  They possess only that power authorized by the United States

Constitution and by federal statutes.  Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d

at 1102.  Therefore, federal courts should constantly examine a case's jurisdictional

basis—even on their own initiative if necessary.  Save the Bay, 639 F.2d at 1102 (citing

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

1

Dockets.Justia.com

Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

## I.    PROPER JURISDICTION

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,  and  is  between . . . citizens of different States."  28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004).  Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  Plaintiffs' allegation of diversity jurisdiction in this case contains errors.  The Court will address each in turn.

### A.    Citizenship: Natural Persons

Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state.  See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.  15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004).

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States."  U.S. Const. Amend.

XIV, § 1.  Regarding the second inquiry, domicile—synonymous with "state citizenship"

in diversity jurisprudence—generally requires two elements: (1) physical presence in a

state; and (2) the intent to make the state one's home.  Duff v. Beaty, 804 F. Supp. 332,

334 (N.D. Ga. 1992).  A complaint merely alleging residency, as opposed to state

citizenship or domicile, may be insufficient to invoke diversity jurisdiction.  Id.; e.g.,

Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998).  This is because domicile is not always

the same as residence, as a person may reside in one place but be domiciled elsewhere.

See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  Therefore, a

party must plead citizenship distinctly and affirmatively.  Toms v. Country Quality Meats,

Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600

F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334.

Here, Plaintiffs failed to plead citizenship correctly.  To illustrate, Plaintiffs

alleged, "[Plaintiff Chris] Norman is an individual residing as 163 Springhill Drive,

Tifton, Georgia, 31793, which is within the Middle District of Georgia."  (Compl. ¶ 2.)

Plaintiffs further alleged "Norman is, and at all times relevant to this action was, a full-

time resident of Georgia."  (Compl. ¶ 17.) Allegations regarding residency tell the Court

nothing.  In lieu of residency, Plaintiffs must allege United States citizenship and the

states of which the natural person Plaintiff is a "citizen" or "domiciliary."  Consequently,

Plaintiffs must amend their Complaint to cure this jurisdictional defect.

**B.    Citizenship: Unincorporated Business Entities**

Regarding natural persons, there is no statutory definition of what constitutes a

"citizen" for diversity purposes.  15 Moore's, § 102.30 (citing Galva Foundry Co. v.

Heiden, 924 F.2d 729, 730 (7th Cir. 1991)).  Regarding limited liability companies,

however, their citizenship for the purpose of determining diversity jurisdiction is much

clearer.  The United States Court of Appeals for the Eleventh Circuit has held that "[t]o

sufficiently allege the citizenship[] of [such an] unincorporated business entit[y], a party

must list the citizenships of all the members of the limited liability company."  Rolling

Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir.

2004).  This requirement reflects that for purposes of diversity of citizenship in the

Eleventh Circuit, "a limited liability company is a citizen of any state of which a member

of the company is a citizen."  Id.

   Plaintiffs' Complaint states "[Plaintiff] CrossLink [Orthopaedics, LLC] is a

Georgia limited liability company with its principal place of business at 3300 NE

Expressway, Building 7, Atlanta, Georgia 30341."  (Compl. ¶ 1.)  This allegation of

citizenship is deficient for two reasons.  First, Plaintiffs have approached the citizenship

of CrossLink Orthopaedics, LLC as if it was a corporation.  It is not.  As indicated by its

name, CrossLink Orthopaedics, LLC is a limited liability company.  Second, Plaintiffs

have failed to offer the Court any indication of where the members of CrossLink

Orthopaedics, LLC are citizens.  Therefore, the Court cannot determine whether it has

jurisdiction over this case.  While Plaintiffs do later assert that "[t]his Court has

jurisdiction over this matter in accordance with the Federal Declaratory Judgment Act, 28

U.S.C. § 2201 and 2202, and 28 U.S.C. § 1332" (Compl. ¶ 6), this statement is a legal

conclusion which the Court is entitled to make independently after reviewing the proper

jurisdictional allegations.  Consequently, Plaintiffs must amend their Complaint to cure

these jurisdictional defects.

## II.    CONCLUSION

For the reasons set forth above, Plaintiffs must amend their Complaint to cure

these jurisdictional defects.[2]  If Plaintiffs fail to file an amendment correcting these

defects within twenty (20) days after this Order is entered on the docket, this case shall be

**DISMISSED**.

**SO ORDERED**, this the 12th day of June, 2007.

*s/    Hugh Lawson*
**HUGH LAWSON, Judge**

pdl

---

[2] The Court notes Plaintiffs' Complaint may contain a third jurisdictional defect. It is unclear to the Court whether Defendant Synthes Spine Company, Ltd is a limited liability company or a corporation.  If it is the former, then Plaintiffs' jurisdictional allegations are deficient for the same reason as discussed above in regards to CrossLink Orthopaedics, LLC.  If it is the latter, then Plaintiffs' jurisdictional representation is sufficient, at least as it relates to this party.