IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CrossLink Orthopaedics, LLC and Chris Norman,** | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:07-cv-59 (HL) |
| **Synthes Spine Company, Ltd., Synthes Spine Company, L.P., Synthes North America, Inc., Synthes Maxillofacial, Inc., and Synthes Spine, Inc.,** | : : : : : : | |
| Defendants. | : | |

# **ORDER**

**I. INTRODUCTION**

Before the Court are Plaintiffs' Motions for Summary Judgment (Doc. 20), Motion for Hearing (Doc. 21), and Motion for Partial Dismissal of Defendants' counterclaims (Doc. 27). Before addressing the substantive issues of these Motions, the Court must resolve several threshold issues, which are detailed below. These issues cannot be unraveled on the record before the Court, therefore an evidentiary hearing is ordered to provide the parties with an opportunity to present their evidence and arguments. The Court emphasizes that it is satisfied with the briefs before it and no further briefs should be filed.

1

## II. THRESHOLD ISSUES

### A. Case or Controversy

#### 1. Procedural Posture

Defendants claim that the Court lacks jurisdiction over this case because it presents no constitutional case or controversy. The proper procedural tool for Defendants to raise this argument would have been to file a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Instead of doing that, however, Defendants simply asserted this argument in its response to Plaintiffs' Motion for Summary Judgment. This procedural posture presents somewhat of a problem for two reasons: (1) on a Motion for Summary Judgment the facts are construed in the light most favorable to the non-movant, which in this case is the defendant and (2) denying the Plaintiff's Motion for Summary Judgment would not result in a dismissal of the case. The Court therefore addresses Defendants' argument that there is no case or controversy by making a *sua sponte* Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). See Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss a case " [w]henever it appears by suggestion of the parties . . . that the court lacks jurisdiction of the subject matter.").

#### 2. Standards

##### *(a) Motion to Dismiss*

There are two kinds of challenges to subject matter jurisdiction under Rule 12(b)(1): facial and factual. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack presumes the facts in the complaint are true, and the court determines whether those facts support a finding of subject matter jurisdiction. Id. at 1529. A factual attack, by contrast,

challenges subject matter jurisdiction by looking to evidence outside the pleadings. Id. As a fact finder in a factual challenge, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. This power allows the court to consider affidavits and evidence presented at an evidentiary hearing in making its determination. See, e.g., Montez v. Dept. of Navy, 392 F.3d 147, 149 (5th Cir. 2004); Hammond v. Clayton, 83 F.3d 191, 192 (7th Cir. 1996).

### *(b) Article III Requirements for a Case or Controversy*

Article III of the United States Constitution grants federal courts jurisdiction to hear only "cases or controversies." U.S. Const. art. III, § 2. The Declaratory Judgment Act ("DJA") is only a procedural device that does not enlarge the court's jurisdiction. GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995). A case brought pursuant to the Act must therefore involve a constitutional case or controversy. Id. A court presumes there is no jurisdiction unless the record affirmatively demonstrates otherwise. Renne v. Geary, 501 U.S. 312, 316 (1991). The party asserting subject matter jurisdiction must demonstrate jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). In addition, when the relief sought is declaratory judgment, a case or controversy must exist when the action is filed; the court must therefore look only to the facts that existed at that time. GTE, 67 F.3d at 1568.

"The difference between an abstract question and a 'case or controversy' is one of degree . . . and is not discernible by any precise test. Babbitt v. UFW Nat'l Union, 442 U.S. 289, 298 (1979). "Basically, the question in each case is whether the facts alleged, under all the

3

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). In the Eleventh Circuit, the presence of contingencies does not necessarily mean there is no case or controversy. GTE, 67 F.3d at 1566. The focus instead is on the "practical likelihood" that the contingencies will occur.

### 3. Analysis: Factual Challenge

In its factual challenge Defendants point out that there was no threat of litigation in this case, which demonstrates the lack of a real case or controversy. Although the agreements exist, Defendants had not indicated they intended to enforce them. They also point out that CrossLink has not directly claimed that it is a competitor, so it is not clear that Norman has violated the agreements or will violate them by working for CrossLink.

The contingencies in this case leave it two steps removed from a concrete factual dispute: (1) whether Plaintiffs will violate the agreements (including whether CrossLink is a "competitor") and (2) whether Defendants would seek to enforce their rights under the agreement in that event. Although the record contains some indication that these contingencies may occur, there is simply not enough evidence to allow the Court to determine that there is a practical likelihood that they will.

Defendants also claim that they "mooted out" any argument that the threat of litigation ever existed when it declined to assert claims for violations of these agreements, which would have been mandatory counterclaims in the present suit. This is not, however, relevant to whether a case or controversy exists because the resolution of that issue depends on the facts

4

as they existed at the time of the filing of the complaint.

Synthes cites one district court case that found the action for declaratory judgment was moot, but in that case the defendants had declared in open court that they would not attempt to enforce the agreements. Landers v. Curran & Conners, Inc., 2006 U.S. Dist. LEXIS 4174, *4-5 (N.D. Cal. 2006). The Landers court specifically declined to rule on whether the case was justiciable prior to that declaration. Id. at *4. If Synthes was willing to make such a commitment then the Court may find that the present declaratory judgment action is moot.

### 4. Analysis: Facial Challenge

In its facial challenge, Defendants argue that Plaintiffs failed to meet their burden to allege facts in the Complaint that would invoke this Court's jurisdiction because (1) they failed to allege that CrossLink and Synthes are competitors and (2) they failed to allege that Norman's employment at CrossLink violates the agreement. In a facial challenge, the allegations in the Complaint are accepted as true and all reasonable inferences should be construed in Plaintiffs' favor. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1194 (11th Cir. 2007). It is the plaintiff's responsibility to allege facts that invoke the court's jurisdiction. Reene, 501 U.S. at 316.

The Complaint states: "This is an actual controversy between Plaintiffs and Defendants as to their respective rights and obligations in connection with obligations Defendants assert Plaintiffs owe to them, which obligations Plaintiffs contend are not enforceable and do not exist." It also references Synthes prior attempts to enforce agreements that are "substantially

similar" to the Non-Compete Agreement,[1] (Compl. ¶ 16) and states that "Plaintiffs believe that Defendants intend to assert that CrossLink's employment of Norman, and certain other alleged actions by Norman, violate the Innovation and Non-Disclosure Agreement's Non-Disclosure Provision, and that the Defendants intend on enforcing the Non-Disclosure provision." (Compl. ¶ 26). The Complaint alleges that Norman is hindered in his job and ability to make a living because of the uncertainty of the enforceability of the agreements, and that CrossLink is likewise hindered in its ability to compete in the industry. (Compl. ¶ 27).

Defendants are correct that Plaintiffs did not explicitly allege that CrossLink and Synthes are competitors or that Norman's employment violates the agreement. Nonetheless, an inference can be drawn from Plaintiffs' statement that they believe Synthes will enforce the agreements, i.e., that belief could be based on facts that would create a practical likelihood that Synthes would enforce their rights under the agreements. In addition, there is an inference in the Complaint that CrossLink is Synthes's competitor, which is contained in the allegation that Plaintiffs are uncertain whether their conduct violates the Non-Compete and Innovation Agreements.

Furthermore, other courts have considered both allegations in the complaint and extrinsic evidence in order to satisfy themselves of subject matter jurisdiction. See Int'l Harvester Co. v.

---

[1] As a side note, the fact that Synthes has enforced similar agreements against other parties in the past is not, in itself, sufficient to create a case or controversy. See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 415 (11th Cir. 1995) ("Regardless of how well-founded AGL's concerns about its insurers may have been, speculation based on the insurance companies' dealings with other insureds does not present a concrete case or controversy.").

Deere & Co., 623 F.2d 1207, 1211-12 (considering the allegations in the complaint on a motion to dismiss, along with other evidence outside the pleadings). Despite Defendants' attacks on the allegations of the Complaint, the Court will not ignore the evidence in the record if it demonstrates that subject matter jurisdiction does in fact exist.

**B. Whether Discovery Should Be Permitted Before Ruling on Summary Judgment**

In a motion for summary judgment, the movant bears the burden of pointing to an absence of a genuine issue of material fact that entitles him to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Once the movant has met this burden, the non-movant then must come forward with evidence that shows "a genuine dispute regarding any issue for which [the movant] will bear the burden of proof at trial." Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002).

In the case where a motion for summary judgment is made before discovery takes place, Rule 56 allows the court to "refuse the application for judgment or . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or [the court] may make such other order as is just." Fed. R. Civ. P. 56(f). According to the terms of the rule this provision is triggered only when "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Id. The Eleventh Circuit has held, however, that a party does not need to file an affidavit to invoke the protection of Rule 56(f) and that if the attorneys represent that they need to conduct discovery in order to adequately respond to the motion for summary judgment, then that is sufficient under the rule. Snook v. Trust Co. of Ga. Bank of Savannah,

N.A., 859 F.2d 865, 871 (11th Cir. 1988).

In this case, Plaintiff argues that the issue before the Court is entirely a question of law–neither party disputes the content of the agreements. Defendants respond by pointing to two factual disputes in the case: (1) Defendants do not have information as to Plaintiffs' "intentions," including the territory that Norman will cover, the accounts he will manage, and the products he will sell during his employment at CrossLink, and (2) it has not been able to engage in discovery in order to develop facts that would support its argument that Plaintiffs should not be able to obtain declaratory relief because they have "unclean hands."

### 1. Details of Norman's Employment

The first issue of fact is relevant to determine whether Norman's employment does in fact violate the agreements. This is therefore a fact that the Court would explore at the evidentiary hearing during its determination of whether a case or controversy exists. If the Court finds that there is a case or controversy, however, this factual issue is no longer material, i.e., the details of Norman's employment at CrossLink are irrelevant to the question whether the Non-Compete and Innovation Agreements are invalid. Discovery on this issue is therefore not a sufficient reason to postpone summary judgment.

### 2. Unclean Hands Defense

The second issue presents a more serious argument that a material issue of disputed fact exists. Declaratory judgment is a form of equitable relief, and therefore equitable defenses–including unclean hands–may be interposed. See Abbott Labs. v. Gardner, 387 U.S. 136, 155 (1967) (stating equitable defenses apply to actions for declaratory judgments);

Newcom Holdings Pty. Ltd. v. Imbros Corp., 369 F. Supp. 2d 700, 713 (E.D. Va. 2005) (holding unclean hands bars declaratory judgment). Defendants request discovery to allow it to present evidence demonstrating a genuine dispute of material fact regarding this defense. Assuming that the case presents a case or controversy, the Court will also hear arguments regarding whether to postpone its ruling on the Motion for Summary Judgment until after the Parties have engaged in discovery, and what the scope of that discovery would be.

**C. Jurisdictional Amount**

Defendants do not challenge Plaintiffs allegation in the Complaint that the case involves a dispute of over $75,000. There are no specific facts supporting this allegation, however. To ensure that subject matter jurisdiction exists, therefore, the Court will make an inquiry into the amount in controversy during the hearing.

**III. CONCLUSION**

For the reasons stated above, an evidentiary hearing regarding the above-stated issues is hereby ordered. The hearing will take place in the William A. Bootle Federal Building in Macon, Georgia on November 28, 2007 at 9:30 a.m.

**SO ORDERED**, this the 9th day of November, 2007.

                                        *s/ Hugh Lawson*
                                      **HUGH LAWSON, Judge**

tch